UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| BESSIE GEBHART, | CIVIL ACTION NO. 5:23-CV-216-KKC |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| MARTIN O'MALLEY,<br>Acting Commissioner of Social<br>Security, | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Plaintiff Bessie Gebhart's appeal of her denial of social security benefits. (DE 1.) Gebhart has filed a motion for summary judgment. (DE 6.) Defendant Acting Commissioner of Social Security responded in opposition, seeking affirmance of the underlying decision. (DE 8.) The Court, having reviewed the record, will deny Gebhart's appeal and affirm the Commissioner's decision.

I.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps include the following:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.

1

*Step 2:*  If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3:*  If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4:*  If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5:*  If the claimant can make an adjustment to other work, the claimant is not disabled.  If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Gebhart's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Gebhart had not engaged in substantial gainful activity since May 28, 2020, the alleged onset date. (Administrative Record ("AR") at 19.)

At step two, the ALJ determined that Gebhart suffers from the following medically determinable severe impairments: status post left Lapidus bunionectomy; left Achilles tendinitis/plantar fasciitis of the left foot; and obesity. (*Id.*)

At step three, the ALJ found that Gebhart's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 20.)

At step four, the ALJ assessed Gebhart's residual functioning capacity ("RFC"). (*Id.* at 20.) In making this assessment, the ALJ considered all of Gebhart's symptoms to the extent that they could reasonably be accepted as consistent with objective medical evidence and other evidence. The ALJ further considered and weighed the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520(c). The ALJ concluded that Gebhart has the RFC to perform "light work" subject to some postural and environmental limitations. (*Id.*) As a result, the ALJ found that Curtsinger was unable to perform any of her past relevant work. (*Id.* at 22.)

At step five, the ALJ relied on vocational expert ("VE") testimony to find that Gebhart was able to perform other work existing in the national economy. (*Id.* at 23.) These jobs included garment sorter, crimper, and inspector. (*Id.*) The ALJ then concluded that Gebhart was not disabled under the Act. (*Id.* at 24.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council affirmed the decision. *See* 20 C.F.R. § 422.210(a). Gebhart subsequently exhausted her administrative remedies and filed an appeal in this Court. Now that her appeal has been properly briefed, this case is ripe for review under 42 U.S.C. § 405(g).

**II.**

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir.

2017). The Court must look to the record to determine whether the ALJ's decision is supported by substantial evidence—which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The ALJ's decision must be read holistically. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

Gebhart argues that the ALJ erred in failing to resolve an alleged inconsistency between the VE's testimony and the DOT—specifically, that she was capable of performing work as a garment sorter, crimper, and inspector. (DE 6 at 5.) She maintains that these occupations are incompatible with her RFC determination because: (1) she was limited to standing and/or walking for only 2 hours of an 8-hour workday; (2) the VE's testimony incorporated the ability to alternate between sitting and standing, which was not expressly included in her RFC; and (3) even if the ability to alternate between sitting and standing was included in her RFC, the ALJ failed to specify the frequency and timing of alternating positions at the workplace. (*Id.* at 7-8.) Yet, regardless of the merit of Gebhart's arguments, case law makes it clear that the ALJ reasonably relied on the VE's testimony in determining the underlying claim for disability benefits.

The Social Security Administration imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided "conflicts with the information provided in the DOT." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (quoting SSR 00-4p). Here, the ALJ asked the VE just that. (AR at 49 ("Now, is your testimony consistent with the DOT?").) The VE responded that their testimony was "not inconsistent with the DOT" and proceeded to clarify that the DOT does not attempt to define the "characteristic of alternating between sitting and standing throughout the workday[.]" (*Id.*) The ALJ was under no duty under SSR 00-4p to interrogate the VE further. *See Martin v. Comm'r of Soc. Sec.*, 170 Fed.Appx. 369, 374 (6th Cir. 2006) ("Nothing in S.S.R. 00-4p places an affirmative duty on

4

the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.").

Only two questions after asking about the consistency of the VE's testimony with the DOT, the ALJ gave Gebhart the opportunity to cross-examine the VE. (AR at 50 ("All right. Counsel, do you have questions for the vocational expert?").) Gebhart did not make any objections to the VE's testimony nor ask any clarifying questions. (*Id.* ("Nothing further. Thank you, Your Honor.").) The Sixth Circuit has made it clear that "[a]bsent an objection to the vocational expert's testimony," an ALJ can reasonably rely on that testimony. *Staymate v. Comm'r of Soc. Sec.*, 681 Fed.Appx. 462, 468 (6th Cir. 2017). Because Gebhart failed to make any objections, the ALJ was under no obligation to seek out conflicts. *Id.* Gebhart provides no authority in her briefing to argue against this position.

The appropriate time to make objections to the VE's testimony was when the VE was testifying. Otherwise, the ALJ was allowed to reasonably rely on the VE's testimony in determining whether to grant disability benefits. *Id.* "[T]he testimony of a vocational expert identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004). Because Gebhart failed to make any objections to the VE's testimony and the ALJ could therefore reasonably rely on that testimony, the Court finds that the ALJ's determination at step 5 was supported by substantial evidence. As a result, Gebhart's appeal of her denial of disability benefits must be denied.

### IV.     Conclusion

For the above reasons, the Court **HEREBY ORDERS** that:

1.      Gebhart's motion for summary judgment and appeal (DE 6) are DENIED;

2.      The decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), in that it was supported by substantial evidence; and

3.      A judgment will be entered contemporaneously with this order.

This 11th day of September, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

6